UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HASSAN MUSTAPHA, :
:
      Plaintiff :
:
  v. : CIVIL NO. 4:CV-08-132
:
JANINE DONATE, ET AL., :
:
: (Judge McClure)
      Defendant :

## **MEMORANDUM**

February 27, 2008

### **Background**

This *pro se* civil rights action was initiated by Hassan Mustapha ("Plaintiff"), an inmate presently confined at the Lackawanna County Prison, Scranton, Pennsylvania. The Complaint is accompanied by an application requesting leave to proceed *in forma pauperis*. For the reasons set forth below, Mustapha's action will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915.

Named as Defendants are the following officials at the Lackawanna County Prison: Warden Janine Donate; Assistant Warden Timothy Betti, and Edward

Zaloga, who is identified as being the "owner of correction care, Lackawanna County Prison." Record document no. 1, ¶ 2. Plaintiff's Complaint generally states as follows, "miss treated [sic] for bullet in my back that is forming a blood clott [sic] denied medical treatment." Id. at ¶ 4. He adds that "because bullet is in my back and is causing blood clott [sic] and is in my nerves doctor were [sic] I was treated said I can die if bullet is not remove [sic]." Id. At (b). Mustapha does not specify what type of relief he is seeking.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed *in forma pauperis* may determine that process should not be issued if the complaint fails to state a claim upon which relief may be granted. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The test for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief. Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). Trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Although there is not a heightened pleading standard in civil rights cases, a § 1983 complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.[1] A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights,

---

[1] In Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only to comply "with the liberal system of 'notice pleading' set up by the Federal Rules." Id. at 167.

the time and the place of that conduct, and the identity of the responsible officials.

The present Complaint does not give fair notice of what Plaintiff's claims are and the grounds upon which they rest. There are no assertions that any of the named Defendants had any personal involvement in Mustapha's medical care or knowledge of any decisions made with respect to the Plaintiff's health care treatment. As previously noted, the Complaint also does not set forth the relief which is being requested.

In order to state a viable § 1983 claim, Mustapha must make a showing that the conduct complained of was committed by a person acting under color of state law and that said conduct deprived him of a right, privilege, or immunity secured by the Constitution or by a statute of the United States. Cohen v. City of Philadelphia, 736 F.2d 81, 83 ( 3d Cir. 1984). Liability may not be imposed under § 1983 on the principle of *respondeat superior*. Capone v. Marinelli, 868 F.2d at 106 (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)).

Rather, a prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of his constitutional rights. Monell v. Department of Social Serv. of the City of N.Y., 436 U.S. 658, 694-95

(1978); Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990); Capone, 868 F.2d at 106 n.7.  This is the personal involvement requirement.

Since the present Complaint fails to set forth any averments showing that the Defendants were personally involved in any constitutional violations, it is subject to *sua sponte* dismissal.  Pursuant to the above discussion, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  However, dismissal will be ordered with leave to file an Amended Complaint.  See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Mustapha is reminded that his Amended Complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed.  The Amended Complaint should clearly identify the Defendants, set forth short, concise and legible statements which show personal involvement by the Defendants in constitutional misconduct, and specify the relief being sought.  The Plaintiff will be granted twenty (20) days in which to submit an Amended Complaint.  Upon timely submission of an Amended Complaint the Court will reconsider the closing of this case.  An appropriate Order will enter.


   s/ James F. McClure, Jr.  
JAMES F. MCCLURE, JR.  
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HASSAN MUSTAPHA,                     :
      Plaintiff                     :
                                    :
    v.                            :     CIVIL NO. 4:CV-08-132
                                    :
                                    :     (Judge McClure)
JANINE DONATE, ET AL.,               :
      Defendants                    :

## **ORDER**

February 27, 2008

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

    2.    The Clerk of Court is directed to **CLOSE** the case.

    3.    Plaintiff may file an Amended Complaint within twenty (20) days of the date of this Order.

4.  If an Amended Complaint is timely submitted, the Court will reconsider the dismissal of this action.[2]

5.  Plaintiff's *in forma pauperis* application is construed as a motion to proceed without full prepayment of fees and costs and is **GRANTED**.[3]

    s/ James F. McClure, Jr.
JAMES F. MCCLURE, JR.
United States District Judge

---

[2] Attached to this order are two (2) copies of the Court's form § 1983 Complaint which Mustapha may employ if he chooses to file an Amended Complaint.

[3] The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order previously issued in this case is binding on Warden Donate, as well as the Superintendent of any correctional facility to which Plaintiff is transferred.